UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamie L. Dochniak,   Civil No. 06-237 (JRT/FLN)

    Plaintiff,

v.   **ORDER**

Dominium Management Services,

    Defendant.

---

Kathryn M. Engdahl, for Plaintiff
Malcolm P. Terry, for Defendant

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 17, 2006, on Defendant's Motion to compel discovery [#11].

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to compel discovery [#11] is **DENIED**. The information being sought by Defendant is privileged information. Defendant argues that Plaintiff has waived the privilege because Plaintiff is seeking damages for emotional distress. The Court rejects Defendant's argument that Plaintiff has waived the privilege to her medical records. Under these circumstances, Plaintiff only waives the privilege if she places her mental or physical condition in controversy.[1] Since

---

[1] Here Defendant argues that a determination of whether Plaintiff's mental or physical condition is "in controversy" as required by Fed. R. Civ. Pro. 35 is inappropriate because Defendant is seeking to compel medical records and is not seeking to compel a physical or mental examination of Plaintiff. Defendant suggests that the only issue is whether the records are likely to lead to the discovery of admissible evidence. The Court rejects this argument. The question before the Court is not whether the records are relevant within the meaning of Fed. R. Civ. P. Rule 26. The question is whether Plaintiff has waived the privilege to her medical records. The Court concludes that the standard for whether a privilege has been waived is the same as the standard required for a Rule 35 physical or mental examination; that is, whether Plaintiff has put her physical or mental condition "in controversy." Fed. R. Civ. P. 35(a).

Plaintiff has not placed her mental condition in controversy and has not waived her privilege in her medical records, Defendant is not entitled to Plaintiff's medical records.[2]

In support of its Motion Defendant relies on <u>Schoffstall v. Henderson</u>, 223 F.3d 818, 823 (8th Cir.2000). In <u>Schoffstall</u> it appears the Plaintiff put her medical condition in controversy by signing limited medical releases. While the <u>Schoffstall</u> Court held that Plaintiff put her medical condition in controversy it does not appear that this was a litigated issue. Here, as in <u>Blake v. U.S. Bank</u>, Civil No. 03-6084 (D.Minn., May 19, 2004) and unlike in <u>Walker v. Northwest Airlines</u>, Civil No. 00-2604 (D.Minn., Oct. 28, 2002), Plaintiff has not put her medical condition in controversy. In <u>Blake</u>, as in the present case, the only allegations made by Plaintiff were for garden variety emotional distress. In <u>Walker</u>, unlike in the present case, Plaintiff identified experts she intended to call on the issue of her mental condition and the Court held that she placed her mental condition in controversy. In the present case Plaintiff has not identified experts that she intends to call on the issue of her mental condition. The Court concludes that Plaintiff has not put her mental condition in controversy by seeking damages for emotional distress in the present case, and Defendant's Motion to Compel [#11] is **DENIED**.

DATED: July 26, 2006                             s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

---

[2] In the event that Plaintiff does put her medical condition in controversy in the future, the Defendant would be entitled to the discovery it seeks.