UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

JAMIE L. DOCHNIAK,    Civil No. 06-237 (JRT/FLN)

                Plaintiff,

v.    **ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE**

DOMINIUM MANAGEMENT
SERVICES, INC.,

                Defendant.

_____

Kathryn M. Engdahl, **METCALF KASPARI HOWARD ENGDAHL & LAZARUS**, 1660 South Highway 100, Suite 333, Minneapolis, MN 55416-1533, for plaintiff.

Malcolm P. Terry, **MESSERLI & KRAMER**, 150 South Fifth Street, Suite 1800, Minneapolis, MN 55402-4246, for defendant.

Plaintiff Jamie L. Dochniak has brought claims of sexual harassment and retaliation against her former employer, defendant Dominium Management Services, Inc. On June 16, 2006, defendant filed a motion to compel discovery responses. United States Magistrate Judge Franklin L. Noel heard oral argument on the motion to compel on July 17, 2006. In an order dated July 26, 2006, the Magistrate Judge denied defendant's motion to compel discovery responses. Defendant timely filed an appeal from the Magistrate Judge's order. For the following reasons, this Court affirms the Magistrate Judge's order.

## ANALYSIS

### I.   STANDARD OF REVIEW

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

### II.   DEFENDANT'S APPEAL OF THE MAGISTRATE JUDGE ORDER

The Magistrate Judge concluded that plaintiff has not put her mental condition in controversy by seeking damages for emotional distress in this case, and therefore denied defendant's motion to compel discovery of plaintiff's medical information and records.  Defendant appeals this order, arguing that the information is relevant to plaintiff's claim for emotional distress damages and is therefore discoverable.

Defendant first argues that the Magistrate Judge erred when he applied the Rule 35 "in controversy" standard here.  Defendant asserts that the appropriate inquiry is whether the medical records are relevant within the meaning of Rule 26.  Rule 26 allows discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Because the information sought by defendant is privileged, the appropriate inquiry is whether plaintiff waived the privilege.  The Court cannot conclude that the Magistrate Judge erred by holding that the standard for whether a privilege has been waived is the same as the standard required for a Rule 35 physical or

mental examination. *See Blake v. U.S. Bank*, Civil No. 03-6084, at 16 (D. Minn. May 19, 2004) ("We continue in the view that, absent some specific, particularized showing, the production of medical records are governed by the 'in controversy' requirement of Rule 35.").

Defendant next argues that plaintiff has put her mental and medical condition at issue by claiming emotional distress damages. Defendant relies upon *Walker v. Northwest Airlines*, Civil No. 00-2604 (D. Minn. Oct. 28, 2002). The Magistrate Judge concluded that *Walker* is distinguishable because in *Walker*, unlike in the present case, the plaintiff identified experts he intended to call on the issue of his mental condition, and the court held that he had therefore placed his mental condition in controversy. The Magistrate Judge held that in the present case plaintiff has made allegations of "garden variety emotional distress," which are insufficient to place her mental condition in controversy. *See Blake v. U.S. Bank*, Civil No. 03-6084, at 16 (distinguishing *Walker*). This conclusion is not contrary to law. *See id.*; *O'Sullivan v. Minnesota*, 176 F.R.D. 325, 328 (D. Minn. 1997) (discussing factors in determining whether a plaintiff has placed her mental condition in controversy). Plaintiff bears the burden of proving emotional distress damages, and she may attempt to do so without using medical experts at trial. In the event that plaintiff does put her medical condition in controversy, defendant would be entitled to the discovery it seeks.

Accordingly, the Court affirms the Magistrate Judge's Order.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's July 26, 2006 Order [Docket No. 21] is **AFFIRMED.**

DATED: September 25, 2006        s/ John R. Tunheim
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       United States District Judge