**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

JAMIE L. DOCHNIAK,

Plaintiff/Counterclaim Defendant,

v.

DOMINIUM MANAGEMENT SERVICES, INC.,

Defendant/Counterclaim Plaintiff.

Civil No. 06-237 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR ATTORNEY'S FEES**

Kathryn M. Engdahl, **METCALF, KASPARI, HOWARD, ENGDAHL & LAZARUS, P.A.**, 333 Parkdale Plaza, 1660 South Highway 100, Minneapolis, MN 55416, for plaintiff.

Malcolm P. Terry, **MESSERLI & KRAMER P.A.**, 1800 Fifth Street Towers, 150 South Fifth Street, Minneapolis, MN 55402, for defendant.

Plaintiff Jamie Dochniak brought an action against her former employer, Dominium Management Services, Inc. ("Dominium"), alleging hostile work environment and retaliation claims under Title VII and the Minnesota Human Rights Act. Dominium asserted counterclaims of malicious prosecution, abuse of process, and negligence. On September 6, 2007, this Court granted Dominium's motion for summary judgment on Dochniak's claims. The Court also granted Dochniak's motion for summary judgment on Dominium's counterclaims. This matter is now before the Court on the parties' motions for attorney's fees. For the reasons discussed below, the Court denies the motions.

## BACKGROUND[1]

Plaintiff Jamie Dochniak was employed by Dominium, a residential property management company, from October 2001 until her termination on December 7, 2005. In early 2003, Dochniak was moved into the position of leasing consultant for Dominium's residential property in Oakdale, Minnesota. Dochniak had various performance problems as a leasing consultant, resulting in nine non-disciplinary write-ups between June 2003 and February 2004 and placement of the Oakdale property on Dominium's "problem property" list. Dochniak was removed from the position on February 17, 2004, and reassigned to the groundskeeper position.

Dochniak alleged that an assistant manager at Oakdale, Mike Mumaw, began sexually harassing her around the time of her demotion, making offensive comments to Dochniak on social occasions and during three telephone conversations at work. Dochniak argued that her demotion was ultimately the result of her refusal to submit to Mumaw's sexual advances and that Mumaw's conduct created a hostile work environment at Dominium.

The Court granted Dominium's motion for summary judgment on these claims, finding that Dochniak had set forth no genuine issue of material fact to support her contention that her refusal to submit to Mumaw's advances resulted in her demotion. The Court further determined that the conduct alleged by Dochniak was not sufficiently severe or pervasive to constitute harassment affecting a term or condition of employment,

---

[1] The facts are set forth in greater detail in the Court's Memorandum Opinion and Order dated September 6, 2007.

and that Dochniak had not established that Dominium failed to take prompt remedial action to asses the alleged harassment.

Dochniak continued to have performance problems, including repeated tardiness, following her demotion to groundskeeper for the Oakdale property. On the night of December 6, 2005, while on call for the Oakdale property, Dochniak slept through multiple pager calls from Oakdale tenants regarding an emergency water pipe break. The water pipe break caused severe flooding in several Oakdale apartments and resulted in approximately $20,000 in damages. Dochniak was terminated the following day. Dochniak alleged that she was terminated in retaliation for her complaints of sexual harassment. Dominium alleged that Dochniak was negligent in sleeping through the pager calls.

With respect to Dochniak's retaliation claim, the Court granted Dominium's motion for summary judgment, finding insufficient evidence of a causal connection between Dochniak's protected conduct and her termination, and that Dominium had a legitimate, non-discriminatory reason for Dochniak's termination. The Court also granted Dochniak's motion for summary judgment on Dominium's negligence counterclaim. The Court determined that Dominium was required to indemnify Dochniak for the alleged negligence under Minnesota Statute § 181.970 because there was insufficient evidence to establish that Dochniak's failure to respond to the pages was intentional or in bad faith.

## ANALYSIS

### I. DOMINIUM'S MOTION FOR ATTORNEY'S FEES

Dominium argues that it is entitled to attorney's fees as the prevailing party on Dochniak's claims under Title VII and the Minnesota Human Rights Act. *See* 42 U.S.C. § 2000e-5(k); Minn. Stat. § 363A.33, subd. 7. The fee shifting provision of Title VII was intended to make it easier for plaintiffs of limited means to bring meritorious lawsuits, and "to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978). The Court has discretion to award attorney's fees to the prevailing defendant if it finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421; *see also Sigurdson v. Isanti County*, 386 N.W.2d 715, 722-23 (Minn. 1986) (applying similar standard to claims brought under the Minnesota Human Rights Act). However, the fact that a plaintiff did not prevail on its discrimination claim is not by itself sufficient to establish that the action was unreasonable or without foundation. *Id.* So long as the plaintiff had "some basis" for the discrimination claim, the prevailing defendant may not recover attorney's fees. *EEOC v. Kenneth Balk & Assocs., Inc.*, 813 F.2d 197, 198 (8th Cir. 1987).

The Court disagrees with Dominium that Dochniak's discrimination claims were frivolous, unreasonable, or without foundation. Dochniak refused Mumaw's sexual advances one day prior to her demotion from the leasing consultant position, and may have believed that Mumaw, whose stepfather had been a senior Dominium officer, was likely to become her next manager at the Oakdale facility. While the Court ultimately

found insufficient evidence of causation between the alleged harassment and Dochniak's demotion, it cannot be said that Dochniak had no factual basis upon which to bring her discrimination claims. *Cf. Hales v. Prudential Ins. Co. of Am.*, 2002 WL 31242213, at *3 (D. Minn. Oct. 3, 2002) (finding attorney's fees appropriate where there was an "utter lack of any foundation for Plaintiff's age discrimination claim").

Similarly, the Court's determination that Mumaw's alleged conduct did not give rise to a hostile work environment does not establish that Dochniak's claim was frivolous or unreasonable. Indeed, the Court specifically acknowledged that Dominium's six-week delay in investigating Dochniak's harassment complaint was troubling, and that such a delay could under certain circumstances render an employer's remedial action unreasonable. Further, although the Court found that Mumaw's actions did not rise to the level of severe or pervasive conduct necessary to establish a hostile work environment, they provided Dochniak with some basis upon which to pursue the discrimination claims.

With respect to Dochniak's retaliation claim, Dochniak argued, and Dominium conceded, that Dochniak had engaged in protected activity and that she suffered an adverse employment action. The fact that Dochniak could not show a causal connection between her protected conduct and her termination does not make her claim frivolous or unreasonable. Dochniak made plausible, if ultimately unsuccessful, arguments that there was indirect evidence of a causal link between her complaint to the EEOC, the issuance of a right to sue letter, and her termination, including the temporal proximity between these events. Dochniak also pointed to other Dominium employees who were not terminated after sleeping through pagers while on duty, but the Court ultimately found

that these employees were not similarly situated for purposes of inferring a causal connection.

In sum, Dominium has failed to show that Dochniak's discrimination claims were frivolous, unreasonable, or without foundation. Accordingly, the Court denies Dominium's motion for attorney's fees.

## II. DOCHNIAK'S MOTION FOR ATTORNEY'S FEES

Dochniak seeks attorney's fees and costs in connection with her defense against Dominium's negligence counterclaim. Dochniak argues that she is entitled to mandatory indemnification under Minnesota statutes, and that these statutes require Dominium to pay her costs in defending Dominium's negligence action. *See* Minn. Stat. §§ 181.970, 302A.521. Dominium responds that the Minnesota indemnification statutes cannot be construed to require an employer to pay an employee's costs of defending a suit brought by the employer. According to Dominium, such a construction produces an absurd result because it would effectively require Dominium to defend and indemnify Dochniak for the very losses it seeks to recover through its negligence action. Dominium also argues that the fees and costs incurred by Dochniak in defending against the negligence counterclaim were duplicative of those incurred in prosecuting the discrimination claims.

Under Minnesota's general indemnification statute, an employer shall

> defend and indemnify its employee for civil damages, penalties, or fines claimed or levied against the employee, provided that the employee
>
> (1) was acting in the performance of the duties of the employee's position;

> (2) was not guilty of intentional misconduct, willful neglect of the duties of the employee's position, or bad faith; and
>
> (3) has not been indemnified by another person for the same damages, penalties, or fines.

Minn. Stat. § 181.970, subd. 1. Minnesota business corporations are also required to provide mandatory indemnification to employees for actions or omissions taken in their official capacity. Minn. Stat. § 302A.521. Under § 302A.521, indemnification is required for the employee's acts or omissions if the employee (1) has not been indemnified by another organization or employee benefit plan, (2) acted in good faith, (3) received no improper personal benefit, and (4) reasonably believed that the conduct was in the best interest of the organization. Minn. Stat. § 302A.521, subd. 2.

In granting summary judgment to Dochniak on Dominium's negligence claim, the Court found that Dominium had failed to establish a genuine issue of material fact that Dochniak acted intentionally or in bad faith. The Court thus determined that, absent some evidence of intent or bad faith, the mandatory indemnification provisions effectively precluded Dominium's negligence claim against Dochniak, making summary judgment in favor of Dochniak appropriate. Dochniak now contends that the Court's finding of mandatory indemnification requires Dominium to pay Dochniak's attorney's fees and costs.

Courts in this district have held that the Minnesota indemnification statutes preclude negligence claims by an employer against its employee because "to hold otherwise renders a circular result: An employer would have to defend and indemnify an employee for losses the employer seeks from the employee." *Cenveo Corp. v.*

*Celumsolutions Software GMBH & Co. KG*, 504 F. Supp. 2d 574, 579 (D. Minn. 2007); *see also Carlsen v. Green Thumb, Inc.*, 2004 WL 234406, at *8 (D. Minn. Feb. 4, 2004) (finding that mandatory indemnification statutes do not immunize plaintiff from liability where fact issues exist regarding whether the employee acted in good faith).[2] Indeed, Dochniak made this same argument in support of her motion for summary judgment, arguing that Dominium's negligence claim was barred absent some evidence of intent or bad faith. Dominium argues that the same rationale now precludes Dochniak from obtaining fees and costs from Dominium for its negligence action. According to Dominium, to award attorney's fees to Dochniak effectively requires Dominium to indemnify an employee for the very losses that the employer seeks from the employee.

Dominium cites no authority for its argument, and the Court is not persuaded that awarding attorney's fees to an employee that ultimately prevails on an employer's negligence claim renders a "circular" result.[3] Nevertheless, the Court finds that Dochniak's motion for attorney's fees is precluded in this case. As discussed above, Minnesota's indemnification statutes effectively bar an employer from suing its employee

---

[2] While the Court in *Carlsen* allowed a negligence claim to proceed under the indemnity statutes because "whether plaintiff acted in good faith, and whether she reasonably believed her conduct was in the best interest of the corporation" were fact questions precluding summary judgment. *Carlsen*, 2004 WL 234406, at *8.

[3] The rationale for precluding an employer's negligence claim against its employee is that an employer's success on such a claim produces a "zero-sum" situation. *See Cenveo Corp.*, 504 F. Supp. 2d at 579. If an employer's negligence claim were allowed to go forward, however, and the employee ultimately prevailed, the employee would have incurred costs and fees recoverable as indemnity under Minn. Stat. §§ 181.970 and 302A.521. Because the mandatory indemnification statutes do not require an employee to indemnify its employer, the "zero sum" rationale would not operate to preclude the employee's claim for fees and costs.

for negligence, since any damages, costs, or fees awarded pursuant to such an action would have to be returned to the employee as indemnification. Thus, an employee who is sued for negligence by her employer may successfully defend such a claim merely by establishing her right to mandatory indemnity, just as Dochniak did here, rather than by litigating negligence on the merits. Under general principles of indemnity law, however, attorney's fees sought as indemnity are limited "to those [fees] incurred in the defense of the claim indemnified against, and there should be no recovery for fees and expenses incurred in establishing the right of indemnity." *Bagby v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 491 F.2d 192, 198 (8th Cir. 1974); *cf. Seifert v. Univ. of Minn.*, 505 N.W.2d 83, 86-87 (Minn. Ct. App. 1993) (allowing contractual indemnification for attorney's fees and costs incurred in establishing the right of indemnification only if the contract explicitly allows it).

In this case, Dochniak successfully defended against her employer's negligence claim by establishing her right of indemnity.[4] Thus, any costs or fees incurred by Dochniak in connection with her defense of Dominium's negligence claim are not recoverable as indemnity. This is not to say that an employee may not under any circumstances recover fees associated with defending against an employer's negligence

[4] The Court notes that such a situation is unlikely to arise where an employee is sued by a third party. In such a case, an employee's defense of "mandatory indemnification" would have little bearing on a third party's negligence suit. Thus, any attorney's fees incurred by an employee in defense of a third party negligence claim would necessarily relate to the underlying merits of the negligence claim, and would be subject to mandatory indemnification by the employer under Minnesota statute.

claim. The Court is mindful that defendants sued for employment discrimination may assert potentially abusive counterclaims solely to deter the lawsuit or to gain a perceived tactical advantage.[5] In such cases, fees and costs may be awarded if the Court determines that the pleading or motion was presented for an improper purpose, such as to harass the plaintiff. *See* Fed. R. Civ. P. 11(c). Where an employee defends against her employer's negligence claim by asserting a mandatory right of indemnification, however, the employee may not recover costs and attorney's fees incurred in that defense as indemnity under Minnesota statute. For these reasons, the Court denies Dochniak's motion for attorney's fees and costs in connection with Dominium's negligence counterclaim.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Dominium's Motion for Attorney Fees [Docket No. 99] is **DENIED**.

2. Dochniak's Motion for Attorney Fees and Costs [Docket No. 91] is **DENIED**.

DATED: April 1, 2008
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

[5] An employer's negligence claim against an employee is not frivolous or improper merely because Minnesota's mandatory indemnification statutes generally preclude negligence claims. Under Minn. Stat. §§ 181.970 and 302A.521, indemnification is not required where the employee acted intentionally or in bad faith. Thus, an employer's tort claims against an employee may proceed where fact issues exist regarding whether the employee acted intentionally or in bad faith. *See, e.g.*, *Carlsen*, 2004 WL 234406, at *6.